UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

BARRY CALAMIA

Plaintiff,

-against-

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE
DEPT.,., OFFICER JOHN DOE, OFFICER,
JOHN DOE 1, OFFICER JOHN DOE 2
and OFFICER JANE DOE, KINGS
COUNTY DISTRICT ATTORNEY'S
OFFICE, "JOHN DOE 3" (ASST. DA),

Defendants.

--------------------------------------------------------x

Hon. _ _ _ _ _
Index No.

**VERIFIED COMPLAINT**

Jury Trial Demanded

BARRY CALAMIA, by his attorney, and for cause of action against THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT POLICE OFFICER JOHN DOE, OFFICER JOHN DOE 1, JOHN DOE 2, and JANE DOE, KINGS COUNTY DISTRICT ATTORNEY'S OFFICE and assistant district attorney "JOHN DOE3" (collectively, "Defendants") alleges and shows as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which plaintiff BARRY CALAMIA seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, as amended and codified by 42 U.S.C. § 1983, by the United States Constitution, including the Fourth and Fourteenth Amendments and by the laws of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable, an award of costs, attorney's fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for false arrest and malicious prosecution that Plaintiff suffered regarding his reputation and repercussions of these acts and such other and further relief as this court deems equitable and just.

## JURISDICTION AND VENUE

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, 28 U.S.C. § 1331 (federal question) and 1343 (a) (3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. and 42 U.S.C. §1981.

4. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

5. U.S.C. § 1367, over any and all state law claims that form part of the same case and controversy as against all parties within the original jurisdiction of this court.

6. Plaintiff demands a trial by jury on each and every one of his claims as plead herein.

## VENUE

7. The Court has personal jurisdiction Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and each Defendant maintains sufficient contacts with the State of New York and regularly conducts business in the district of this court.

## PROCEDURAL REQUISITES: NOTICE OF CLAIM

8. Plaintiff filed a Notice of Claim, pursuant to General Municipal Law§ 50-e, with the Defendants, City of New York, within 90 days of the events complained of herein, a copy is herein attached.

9. All conditions precedent to filing this cause of action have been met.

## PARTIES

10. Plaintiff, BARRY CALAMIA (hereinafter "Plaintiff'), is a citizen and resident of the City of New York and the State of New York.

11. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and duly incorporated and existing pursuant to the laws of the State of New York.

12. Defendant THE CITY OF NEW YORK is authorized by law to maintain the police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant, CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk of the services provided by the New York City Police Department.

13. Defendant THE CITY OF NEW YORK is authorized by law to maintain the Kings County District Attorney's Office which acts as its agent in the area of prosecution of the violation of criminal laws and for which it is ultimately responsible. Defendant, CITY OF NEW YORK assumes the risks incidental to the maintenance of the Kings County District Attorney's office and the employment of attorneys as said risk of the services provided by the Kings County District Attorney's Office.

14. Defendant City of New York created and maintains the New York City Police Department.

15. Defendant, City of New York, has established and maintains the Kings County District Attorney's Office.

16. Defendant, "JOHN DOE 3" is a district attorney with the Kings County District Attorney's Office.

17. Defendants JOHN DOE, JOHN DOE 1, JOHN DOE 2 and JANE DOE are police officer with the New York City Police Department.

18. The Defendant City of New York may be serviced with summons by serving the City of New York, Law Department, Corporation Counsel, 100 Church Street, New York, N.Y. 10007, pursuant to N.Y. Civil Practice Law & Rules§ 311(2).

19. Defendants, the New York City Police Department and Police officers JOHN DOE, JOHN DOE 1, JOHN DOE 2 and JANE DOE , may be served by service at New York City Police Department, Legal Bureau, One Police Plaza, Rm. 1406, New York, NY 10038.

20. Defendants, the Kings County District Attorney's Office and district attorney "JOHN DOE 3" maybe served by service at the Office of the Kings County City District Attorney's Office located at 350 Jay Street Brooklyn NY.

21. Whenever in this complaint it is alleged that Defendants committed any act or omission, it is meant that such Defendants' officers, managers, agents, servants, and/or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of such Defendants or was done in the routine course and scope of employment of Defendants' managers, agents, servants, or employees.

## **FACTUAL ALLEGATIONS**

22. On August 5, 2015, between 10:00am and 2:00pm, Barry Calamia received a call on his cell phone from a New York City Police officer. Officer "John Doe".

23. When he received the phone call he was traveling on the Whitestone bridge and was on my way to Connecticut. His friend Ira Hiber

(phonetically) was in the car with him.

24. Officer "John Doe" told Barry Calamia that he was outside of Barry Calamia's home at 5901 Avenue M Brooklyn NY 11234 and that Barry Calamia's car had been hit and had been knocked into the middle of the street and he needed Barry Calamia to immediately come and move the car.

25. Mr. Calamia did not know what to do and told the officer to call a tow truck and that he was about an hour away.

26. Officer "John Doe" replied and told Barry Calamia that he had to come back immediately. Mr. Calamia told him that he would and he immediately turned around and headed home.

27. Barry Calamia returned to his house located at 5901 Avenue M Brooklyn NY 11234 about 1 hour after officer "John Doe" had called him.

28. When Barry Calamia returned to his house he noticed that there were two officers in uniform and two officers in white shirts waiting for him. He also noticed that his car was parked across from his driveway exactly where he had left it and it was not in the middle of the street as police officer "John Doe" had told me over the telephone. Officer John Doe lied to him.

29. One of the police officers in the white shirt, officer "John Doe 1" took Barry Calamia to the back of the car and showed him some scratches on the bumper of my car.

30. Officer John Doe 2 who had on a blue shirt asked Barry Calamia how the scratches got there. Barry Calamia replied that they had been there a long time.

31. Officer "John Doe 1" told told Barry Calamia to empty his pockets. Barry Calamia emptied them and there were several credit cards and United States Currency in the amount of $ 2000.00.

32. Officer "John Doe 1" then handcuffed Barry Calamia outside in his driveway in front of his neighbors and friends.

33. Officer John Doe1" told him that he will not voucher Barry Calamia's credit cards and money and instructed him to open his back door and place his belongings inside his house, which he did.

34. He then once again placed Barry Calamia in handcuffs.

35. The handcuffs were very tight and cut in to Barry Calamia's wrists. He told officers John Doe, John Doe 1, John Doe 2, and Jane Doe that the handcuffs were causing excruciating pain and cutting into the wrists. He requested that they use two handcuffs. The officers' ignored this request and kept Barry Calamia handcuffed with one handcuff.

36. None of the officers ever told Barry Calamia that he was being arrested for assault on an individual named Irene Drapinski.

37. Barry Calamia did not know anyone by the name of Irene Drapinski and only discovered that he was being arrested and charged with assault when he was arraigned by a criminal court judge.

38. After he was placed in handcuffs again the police officers took him to the local precinct in the back of a police car.

39. Officer John Doe 1" finger printed, photographed and put Barry Calamia in to a small jail cell.

40. Barry Calamia was never told why he was being arrested or what he was being charged with.

41. On August 6, 2015 he was arraigned in The New York City Criminal court before Judge Joy Campanelli.

42. Judge Campanelli released hime on his own recognizance and set a return date for his assault charge which was docketed as <u>People v. Barry Calamia 2015KN050807.</u>

43. Barry Calamia had to stop what he was doing and had to attend court two

to three times. On November 5, 2016 all the charges against him were dismissed by the court.

44. The handcuffs were on my hands for five to eight hours and cut in to his wrists sharply. He showed this to the police and requested medical attention.

45. Over the course of approximately four months, plaintiff was unjustly forced to return to court with an attorney to contest the false criminal charges. On the last return date, the judge dismissed the case against plaintiff.

46. During this entire time Assistant District Attorney John Doe 3 refused to dismiss the charges against Barry Calamia.

47. During the course of the criminal matter from arraignment to dismissal Assistant District Attorney John Doe 3 asked the court for a full order of protection for one Irene Drabinski ordering Barry Calamia to stay away from her.

48. The defendants named herein lacked proper supervision and training by defendant City of New York and maliciously and negligently charged and prosecuted plaintiff in violation of plaintiffs constitutional rights as more fully stated below.

49. Due to, wrongful arrest and malicious prosecution of plaintiff by defendant, plaintiff suffered the wrongful violation of his constitutional rights, damage to his reputation, loss of work and loss of business. Plaintiff also suffered humiliation and distress and incurred legal fees and other damages to date and seeks to recover these damages from defendants.

50. Plaintiff filed a notice of claim detailing the facts of the wrongful arrest and malicious prosecution. (See copy of Notice of Claim attached here as Exhibit A).

### CLAIM ONE-False Arrest

51. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

52. By the above-described acts and by tolerating and failing to take affirmative action to correct these unlawful practices, properly supervise and train defendants, defendants violated plaintiff's constitutional and statutory rights.

53. Furthermore, Defendants acted with reckless indifference to the federally protected rights of the Plaintiff.

54. Defendant unlawfully and without privilege to do so confined Plaintiff without Plaintiff's consent.

55. Plaintiff was at all times conscious of his confinement.

56. Because of Defendants' wrongful actions, Plaintiff suffered adverse physical,

mental, emotional and financial harm, including loss of business.

57. Plaintiff also suffered humiliation, damage to his reputation, emotional pain, mental anguish and inconvenience.

## CLAIM TWO- Malicious Prosecution

58. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

59. By the above-described acts and by tolerating and failing to take affirmative action to correct these unlawful practices, properly supervise and train defendants, defendants all in violation of his constitutional and statutory tights.

60. Furthermore, Defendants acted with malice and reckless indifference to the federally protected tights of the Plaintiff.

61. Because of Defendants' actions Plaintiff suffered adverse physical, mental, emotional and financial harm, including loss of business.

62. Plaintiff also suffered humiliation, damage to his reputation, emotional pain, mental anguish and inconvenience.

## CLAIM THREE -Negligence

63. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

64. Each Defendant facilitated the false arrest and malicious prosecution of plaintiff by acting negligently, negligently hiring, supervising and or training its employees, as each such employee was clearly incompetent to occupy the position bestowed upon him as a result of unsound judgment, negligent hiring, and negligent promotion

practices of Defendants.

## DAMAGES

65. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

66. As a result of Defendants' violations of the above stated federal and state statutes and constitutions, Plaintiff seeks equitable relief, compensatory and punitive damages, liquidated damages, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest, and other and further relief as the court deems appropriate under the circumstances.

## ATTORNEY'S FEES

67. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

68. As a further result of Defendant's acts and omissions, as specifically set forth herein, it was necessary for Plaintiff to secure counsel to present and prosecute this matter on his behalf and defend against the bogus charges.

69. Plaintiff has retained the services of the undersigned counsel of record, and accordingly, Plaintiff sues for reasonable attorney's fees as provided by statute.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, cause having been shown, Plaintiff BARRY CALAMIA prays that the Court enter judgment:

Declaring that each Defendant's actions were in violation of its legal duty to comply with law;

For actual and liquidated damages for the period of time provided by law, for compensatory and punitive damages for the willful, wanton, malicious and conscious disregard of Plaintiff's legal rights;

Plaintiff seeks equitable relief, compensatory and punitive damages, liquidated damages, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest; and For any other and further relief as the court deems appropriate under the circumstances.

ATTORNEYS FOR PLAINTIFF
BARRY CALAMIA
Ali and Bains PC
By: Tejinder Bains
TB0507
118-35 Queens Blvd., Suite 1703
Telephone: (718) 544-8000
Facsimile: (718) 480-1244

## COMPLAINT VERIFICATION

Barry Calamia, being duly sworn, deposes and says:

I am the plaintiff in the above

I have read the foregoing document and know the contents. The contents are true to my own knowledge except as to the matters stated upon information and belief, and as to those matters I believe them to be true.

Dated: Queens, NY

_____
Barry Calamia

1-63
2)
Complaint
for Fault Arrest
Sworn to before
me July 31, 2016

TEJINDER SINGH BAINS
NOTARY PUBLIC STATE OF NY
QUALIFIED IN NASSAU COUNTY
02BA6331355
COMM EXP 10/05/20

Civil Case No.
    Filed:_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARRY CALAMIA

                Plaintiff,

        -against-

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPT.,
OFFICERS JOHN DOE, JOHN DOE 1,
KINGS COUNTY DISTRICT ATTORNEY'S
OFFICE, "JOHN DOE" (ASST. DA),

                Defendants.

## SUMMONS AND VERIFIED COMPLAINT

THE LAW OFFICE OF ALI AND BAINS PC
ATTORNEYS FOR PLAINTIFF
118-35 Queens Blvd., Suite 1703
Forest Hills, NY 11375
Telephone:(718) 544-8000
Facsimile:( 718) 480-1244
tbains@alibainsfirm.com

Due and timely service is hereby admitted,
New York, NY----------------------------------------, 2016


Attorney for -------------------------------------------------------

1